## COMMONWEALTH *vs.* JEREMIAH LYNCH.

A complaint on the Rev. Sts. *c.* 50, § 1, for keeping open a shop on the Lord's day for the purpose of doing business therein, is supported by evidence that the owner, his servant or agent, permitted the door to remain unlatched so as to admit persons for the purpose of doing business therein.

COMPLAINT on Rev. Sts. *c.* 50, § 1, alleging that the defendant, at Boston, on the 16th of September 1855, being the Lord's day, " did keep open his shop, there situate, for a long time, to wit, for the space of one hour, for the purpose of doing labor, business or work therein, namely, selling goods and merchandise therein on said Lord's day, as aforesaid, the same not being works of necessity or charity, against the peace of said commonwealth, and the form of the statute in such case made and provided."

At the trial in the municipal court of Boston at November term 1855, one woman, called as a witness for the Commonwealth, testified that on the day named, between three and four o'clock in the afternoon, she opened from the outside the door of the defendant's shop (which was in his dwelling-house) and, having closed it after she had entered, purchased therein some brandy for three cents, from a person previously shown to have been the agent of the defendant, and, leaving the shop with the brandy so purchased, closed the door after her. One other witness for the Commonwealth testified that in the course of said day he had observed eighteen or twenty persons, at different times, enter said shop by opening and closing the door, in the same manner as testified by the first witness, and depart therefrom ; but did not see any sales effected in the shop, nor any evidence that any sales had been made therein, except to the first witness. It did not appear that the door was suffered at any time to remain open, or that the defendant or any person employed by him, opened it at any time during the day.

The defendant contended that the evidence did not sustain the complaint. But *Abbott*, J. instructed the jury " that, in order to constitute the offence charged, it was not necessary to

prove that the door of the defendant's shop was absolutely unlatched, and opened by him or any one in his employment, or that the door was actually kept open during the time charged; but that the offence would be constituted by the defendant, or any person by his direction, for him, on the Lord's day, suffering and permitting the door of the shop to remain unlatched, so as to give free entrance to and departure from the shop, of any designing to enter from without, and so keeping said door unlocked for the purpose of doing business in said shop, other than works of necessity." The jury found the defendant guilty, and he alleged exceptions.

*M. O'Connell*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. A penalty is imposed, by the Rev. Sts. *c.* 50, § 1, on any person who shall keep open his shop, warehouse or workhouse, or shall do any manner of labor, business or work, except only works of necessity and charity, on the Lord's day. The intent of the statute was to prohibit the opening of shops, &c. for the purpose of work or the transaction of business on that day, but not to prohibit the opening of them for any lawful purpose. This is the adjudged construction of the statute. *Commonwealth* v. *Collins*, 2 Cush. 556. And this complaint alleges, as was held necessary in that case, the unlawful purpose for which the defendant kept open his shop; so that the only question is, whether the evidence showed that he kept it open, within the meaning of the statute. It showed that the shop, on a Lord's day, was open as all shops are, on week days, when the weather is severely cold. And it is not to be doubted that any shop is kept open, on any day of the seven, when it is kept perfectly accessible to those who wish to enter it, and the owner, or his servant or agent, is within, ready to do business.

*Exceptions overruled.*